# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

v.

**HERRY XAVIER TORRES,**

**Defendant.**

**Crim. No. 12-359-2 (ADC)**

## OPINION & ORDER

Before the Court is defendant Herry Xavier Torres's ("defendant") motion requesting he be returned to the District of Puerto Rico, **ECF No. 144**, and his motion to dismiss revocation proceedings, **ECF No. 147**. The United States of America ("government") opposes the motion to dismiss. **ECF No. 149**. For the following reasons, defendant's motion to dismiss, **ECF No. 147,** is **DENIED WITHOUT PREJUDICE**, while his motion requesting he be returned to the jurisdiction, **ECF No. 144**, is **GRANTED.** The United States Marshals Service is **ORDERED** to send for defendant, currently in custody in Miami, Florida, to ensure his arrival in the District of Puerto Rico by no later than March 30, 2018.

**I.      Legal Standard**

Defendant seeks dismissal of the revocation proceedings on the grounds of unreasonable delay, citing the passage of "over 148 days without a preliminary revocation hearing" as a violation of his right to due process. **ECF No. 147** at 1.

"Probation revocation, like parole revocation, is not a stage of a criminal prosecution, but does result in a loss of liberty." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *accord United States v. Rondeau*, 430 F.3d 44, 48 (1st Cir. 2005) (collecting cases). "[S]upervised release is itself a valuable commodity." *United States v. Pagán-Rodríguez*, 600 F.3d 39, 42 (1st Cir. 2010). Accordingly, individuals that are subject to a revocation proceeding are entitled to some due process protections. *See* Fed. R. Crim. P. 32.1 advisory committee's note (citing *Gagnon*, 411 U.S. 778, and *Morrissey v. Brewer,* 408 U.S. 471 (1972)); *United States v. Taveras*, 380 F.3d 532, 536 (1st Cir. 2004) (explaining that some of the "procedural protections" contained in Rule 32 "were designed to track the due process rights established for parolees in *Morrissey*").

An individual in custody for a supervised release violation is entitled to an initial appearance "without unnecessary delay," a "prompt[]" preliminary hearing, and a final revocation hearing "within a reasonable time." Fed. R. Crim. P. 32.1(a)(1), (b)(1)(A), (b)(2). For a Court to dismiss a revocation motion under Rule 32.1 based on undue delay, the defendant needs to demonstrate that the delay was both unreasonable and prejudicial, i.e., that the delay "affected the offender's substantial rights." *See Pagán-Rodríguez*, 600 F.3d at 42. What is "prompt" or "reasonable," under this rule depends on the circumstances. *See id.* 41–42. Likewise, what constitutes sufficient prejudice to dismiss a revocation requests sits on a sliding scale in relation to the length of the delay. *See United States v. Santana*, 526 F.3d 1257, 1260–61 (9th Cir. 2008) (cited favorably in *Pagán-Rodríguez*, 600 F.3d at 43).

## II. Analysis

Here, the relevant timeline is as follows. On July 25, 2017, a United States Probation Officer ("USPO") filed a motion, notifying the Court that defendant violated the conditions of his supervised release. **ECF No. 131.** Specifically, the USPO's motion indicated that defendant was arrested by the Puerto Rico Police Department on June 29, 2017, and charged with aggravated invasion of a dwelling, damages, and use of a disguise during a crime. *Id.* This Court issued an arrest warrant on July 27, 2017. **ECF No. 133**. An initial appearance proceeding was held on August 30, 2017, after which defendant remained in custody. **ECF No. 134**. The Court scheduled defendant's preliminary revocation hearing for September 14, 2017. *Id*. On the date of preliminary hearing, the Court granted defendant's request to continue the hearing to October 25, 2017. **ECF No. 139**.

A few days later, on September 18, 2017, the Court closed at midday in anticipation of the imminent passage of Hurricane Maria and it remained closed to the public for sometime thereafter as a result of the storm's unprecedented impact. *See* Public Notice from the Clerk No. 17-10. By September 29, 2017, the Court suspended all trials until at least November 6, 2017, and, due to significant damage to the detention centers in Puerto Rico, the U.S. Marshals Service began coordinating the transfer of federal detainees to districts outside of Puerto Rico, pursuant to the Federal Judiciary Emergency Special Sessions Act of 2005, Pub. L. No. 109-63, 119 Stat. 1993 (2005). *See* 28 U.S.C. § 141; Public Notice from the Clerk 17-12. On October 4, 2017, the Court issued an Omnibus Order echoing these emergency measures and also excluding "all pending

criminal cases . . . from the requirements of the Speedy Trial Act until further order of this Court." **Misc. Order 17-509**. The Omnibus Order "constitutes a part of the record of all pending criminal cases and any criminal cases filed hereafter during the time that this order is effective." *Id.*

On or around October 17, 2017, in accordance with the Omnibus Order, defendant was transferred to the Federal Detention Center in Miami, prompting the Court to vacate the October 25, 2017 preliminary hearing. **ECF No. 140**. The Court scheduled a new hearing for December 7, 2017, but, due to defendant's continued absence from the jurisdiction, that hearing was also vacated. **ECF Nos. 142, 143**. According to the government, the criminal charges against defendant were subsequently dismissed at the state level due to violations of the Commonwealth of Puerto Rico's Speedy Trial Act. **ECF No. 149** at 4.

It is based on this sequence of events that defendant asserts he has experienced an unreasonable delay under Rule 32.1. The Court disagrees. Defense counsel requested to continue the hearing for over a month, from the originally-scheduled date of September 14, 2017 to October 25, 2017. The government did not request the postponement. *See Pagán-Rodríguez*, 600 F.3d at 42. Then, the unprecedented effects of Hurricane Maria required the Court to remain closed to the public for an extended period and to activate emergency procedures for the safety of all detained individuals, including defendant. Similarly, transferring detainees back to this jurisdiction is contingent upon the rehabilitation of not only the detention facilities, but also the transportation infrastructure. As a result, the conclusion of any stay correlates to the date the

defendant is transferred back into the District, a process that is still undergoing and is expected to conclude with the transfer of pre-trial detainees located in the District of Miami. Given the umbrella of emergency measures instituted in the wake of Hurricane Maria, and under the circumstances explained above, the delay in this case is not unreasonable. *See id.* (noting that a delay may be reasonable if the circumstances causing the delay were "out of the ordinary").

Additionally, defendant's conclusory assertions of prejudice are insufficient to establish prejudice under this framework. Defendant argues that the delay is prejudicial because he has been unable to contest a preliminary revocation hearing for four months because the hearing has not been held, he has been "unable to meaningfully communicate with" counsel and family while in Miami, and "he has experienced consistent anxiety and concern" as a result of the delay. **ECF No. 147** at 3–4. He also asserts that "his ability to investigate and defend against the allegations has been impaired by the passage of time and by his location outside of the jurisdiction." *Id.* at 3. He states, "Over time, and especially after the passage of Hurricane Maria, documents have become difficult to obtain and witnesses more difficult to locate." *Id.* at 4.

Defendant offers no explanation as to why defense counsel could not investigate and prepare defenses during this time or explain how his ability to "meaningfully communicate" with his attorney has been impeded. During the emergency periods, facilities to enable video conferencing between attorneys and defendants were and remain set in place. There is nothing to indicate that witnesses or evidence are unavailable besides defendant's vague implication of

"Hurricane Maria." During this interim period, the state court dismissed the charges against defendant, arguably a detriment, albeit not a determinative one, to the government's revocation request. *See United States v. Oquendo-Rivera*, 586 F.3d 63, 66 (1st Cir. 2009) (explaining that government's burden at revocation hearing is "to prove by a preponderance of the evidence a violation of one or more conditions of release,"). Accordingly, defendant has failed to demonstrate that he suffered prejudice as a result of the delay.

### III. Conclusion

Under the facts and circumstances of this case, the delay of defendant's preliminary revocation hearing is not unreasonable and defendant has not been substantially prejudiced by it. Defendant's motion to dismiss the revocation request, **ECF No. 147**, is **DISMISSED WITHOUT PREJUDICE**. Defendant's motion requesting he be transported to this jurisdiction, **ECF No. 144**, is **GRANTED**. The United States Marshals Service is **ORDERED** to send for defendant, currently in custody in Miami, Florida, to ensure his arrival in the District of Puerto Rico by no later than March 30, 2018. **Revocation hearing is set for April 3, 2018 at 3:30 p.m.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 1st day of March, 2018.

S/AIDA M. DELGADO-COLÓN
**Chief United States District Judge**